## W. R. & J. JOHNSTON V. J. JOSEY.

1. A delivery by A. of a note payable to him or bearer suffices of itself to transfer the ownership, if made with that intention, and authorizes the transferree to bring suit in his own name against the maker; and as between A. and his transferree, such a transfer, when made, is an executed contract, and the consideration on which it was made is an immaterial question in a suit brought by the transferree against the maker. In such a suit, therefore, it was error to permit the maker to prove that the transfer was based upon Confederate money, and to instruct the jury that the plaintiff could not recover if Confederate money was the consideration which he paid for the note.

2. The transferree of a note payable to bearer brought suit in his own name against the maker, who was allowed, over objections by the plaintiff, to prove by the original holder that when he sold the note to the plaintiff, the latter agreed that he would take Confederate money from the maker in payment of the note, provided payment should be made immediately on presentation. *Held*, that the admission of this evidence was error, because the promise was on a condition never performed, and also because it was without any consideration to support it.

3. In the absence of proof to the contrary, the law will presume that a transfer by delivery of a note drawn to bearer, and payable at a future day, was made before maturity of the note; and, therefore, in such a case, the note would not, in the hands of the transferree, be subject to offsets held by the maker against the original payee.

ERROR from Caldwell. Tried below before the Hon. J. J. Thornton.

The facts are sufficiently apparent.

No briefs have reached the Reporter.

OGDEN, J.—This suit was brought by the plaintiffs in error against the defendant in error, on a promissory note executed to J. A. Sloan in 1862, and payable to Sloan or bearer. Sloan transferred the note to plaintiffs, who brought suit on the same in

1866, and judgment was rendered for the defendant; and the plaintiffs have brought the cause to this court by writ of error, for revision.

We think there was error in the charge of the court below, and in the verdict of the jury, sufficient to require a reversal of the judgment. The note was payable to Sloan or bearer, and was transferred by delivery. The simple delivery of the note, if made *bona fide*, as is proven by Sloan, transferred the ownership of the note to the plaintiffs in error as completely as though the note had originally been executed to them, and fully authorized them to bring the suit in their own names; and it is wholly immaterial what was the consideration paid by plaintiffs in error to Sloan for the note, or in what that consideration was paid. So far as Sloan and the plaintiffs in error were concerned, theirs was an executed contract, made to the mutual satisfaction of the parties at the time, and the courts will not go behind that contract, to inquire whether gold or Confederate money, or anything else, was paid for the note. The court, therefore, erred in admitting testimony, against the objection of plaintiffs below, in regard to that transaction to go to the jury, and also in submitting to the jury a charge presenting that question. We also think the court erred in permitting to be read to the jury, against the objections of plaintiffs, that portion of Sloan's deposition relating to the promise of Johnston to take Confederate money from Josey, as that promise was without consideration and therefore not binding; and besides, according to Sloan's testimony, that promise was conditional that the note should be paid immediately, and the facts show that years have passed and the note is not yet paid.

The note was transferred without assignment or date. The law will therefore presume, unless the contrary be proven, that the transfer was made before the maturity of the same, and that in the hands of the transferree it would not be subject to any offsets which the maker of the note may hold against the original payee.

For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.